**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**          FOR PUBLICATION
------------------------------------------------------------
In re:                                     Chapter 11

BALLY TOTAL FITNESS OF
GREATER NEW YORK, INC., et al.,            Case No. 08-14818 (BRL)
                                           Jointly Administered
                    Debtors.

------------------------------------------------------------
APPEARANCES:

Vandenberg & Feliu LLP
110 East 42nd Street, Suite 1510
New York, New York 10017
Tel: (212) 763-6800
Fax: (212) 763-6810
By:    Mark B. Brenner
*Local Counsel for Carrera Class Claimants*

Scott Cole & Associates, APC
1970 Broadway, Ninth Floor
Oakland, California 94612
Tel:  (510) 891-9800
Fax: (510) 891-7030
By:    Matthew R. Bainer (admitted *pro hac vice*)
*Counsel for Creditor Francisco Flores and the Creditor Class(es)*

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Tel:  (212) 715-9100
Fax: (212) 715-8000
By:    Kenneth H. Eckstein
       P. Bradley O'Neill
       Joshua K. Brody
*Counsel for the Debtors and the Debtors in Possession*


Before: Honorable Burton R. Lifland
        United States Bankruptcy Judge

**MEMORANDUM DECISION AND ORDER DENYING: 1) MOTION FOR ORDER TO ALLOW CLASS PROOF OF CLAIM BY THE CARRERA CLASS CLAIMANTS; 2) MOTION BY THE CARRERA CLASS CLAIMANTS FOR ORDER LIFTING THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, FOR CLASS CERTIFICATION; AND 3) CREDITOR FRANCISCO FLORES' MOTION FOR CLASS CERTIFICATION**

There are three interrelated motions before this Court. First, Cesar Carrera, Kevin Lai and Danna Brown, individuals on behalf of themselves, all others similarly situated and the general public, plaintiffs and putative class members in the action entitled *Carrera, et. al. v. Bally Total Fitness Corporation, et. al.*, Los Angeles County Superior Court Case No. BC345316 (collectively, the "Carrera Plaintiffs" and the "Carrera Action") move for an order to allow a class proof of claim (the "Carrera Motion") pursuant to Rules 9014 and 7023 of the Federal Rules of Bankruptcy Procedure. Second, the Carrera Plaintiffs move for either: a) an order pursuant to 11 U.S.C. section 362(d) annulling, terminating, modifying, or otherwise lifting the automatic stay to allow the Carrera Plaintiffs to liquidate their claims in the Carrera Action; or in the alternative, b) an order for class certification under Federal Rules of Civil Procedure ("FRCP"), Rule 23 (the "Lift Stay Motion"). Third, creditor Francisco Flores ("Flores," and together with the Carrera Plaintiffs, "Plaintiffs"), on behalf of himself and all others similarly situated in an action entitled *Francisco Flores v. Bally Total Fitness Corporation, et. al.*, Superior Court for the State of California, Alameda County, Case No. RG-08414512 (the "Flores Action" and together with the Carrera Action, the "Actions") moves for an order for class certification pursuant to FRCP 23(b)(1) and (b)(3) (the "Flores Motion," and together with the Carrera Motion, the "Motions").

## BACKGROUND

On December 3, 2008 (the "Petition Date"), Bally Total Fitness Holding Corporation and its direct and indirect subsidiaries (collectively, the "Debtors", and together with Bally's non-debtor subsidiaries, the "Company") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Company is one of the largest full-service commercial operators of fitness centers in North America in terms of members, revenues and square footage of their facilities. On January 23, 2009, this Court entered an order (the "Bar Date Order") establishing March 9, 2009 as the deadline for filing proofs of claim against the Debtors (the "Bar Date"). On or before February 12, 2009, the Debtors' claims and notice agent mailed notice of the Bar Date by first class mail as required in the Bar Date Order. The Debtors also published notice of the Bar Date in the national editions of the Chicago Tribune and USA Today.

**The Carrera Action**

On December 30, 2005, prior to the Petition Date, the Carrera Plaintiffs commenced the Carrera Action in the Superior Court of California, County of Los Angeles ("California State Court") against Bally Total Fitness Corporation and Bally Total Fitness of California, Inc. (collectively "Bally"). The Carrera Action was brought as a class action on behalf of thousands of employees, in approximately 65 fitness clubs operated by Bally in California, including personal trainers, program directors, and sales managers, alleging claims for off-the-clock work, alleged forfeiture of sales commissions, failure to provide meal and rest periods mandated by California law, failure to provide timely itemized wage statements, failure to provide timely and accurate final paychecks, and failure to reimburse business expenses.

Each of the Carrera Plaintiffs entered into a written agreement, the "Bally Total Fitness Corporation Employment Dispute Resolution Procedure" (the "EDRP"), that requires the submission of employment-related claims to arbitration. In addition, it states that unless otherwise agreed by the parties, disputes relating to a particular employee are not to be submitted in the same proceeding with disputes relating to any other employees. On January 18, 2007, based on the EDRP, Bally filed a petition to compel arbitration and motion to strike the class action allegation. On April 29, 2008, the California State Court denied that motion (the "EDRP Decision") and on June 17, 2008, Bally appealed. The case was stayed pending resolution of the Bally appeal.

**The Flores Action**

On October 10, 2008, prior to the Petition Date, Flores filed an action in the Alameda County Superior Court. Like the Carrera Action, the Flores Action was brought as a class action on behalf of Bally employees,[1] alleging claims for unpaid wages, failure to provide meal and rest periods mandated by California law and failure to reimburse business expenses. On November 13, 2008, Bally filed a notice of removal of the civil action to federal court pursuant to the provisions of the Class Action Fairness Act of 2005. *See*, U.S. District Court, California Northern District Civil Dckt for Case No. 3:08-cv-051580VRW, *Dckt. No. 1*. Thereafter, based on the EDRP, Bally filed a motion to compel arbitration of Flores' claims on an individual basis. The motion to compel arbitration remains pending while the Flores Action is stayed pursuant to Bankruptcy Code section 362(a). On January 26, 2009, Flores filed three proofs of claim: one "on behalf of all other similarly situated group fitness instructors" in the amount of $83,553,912, of which $10,444,239 was designated as a priority claim; one "on behalf of all similarly situated

---

[1] The Flores Action was brought only on behalf of personal trainers and group fitness instructors.

4

personal trainers" in the amount of $43,459,400, of which $5,432,425 was designated as a priority claim; and one on his own behalf in the amount of $126,764.40, of which $15,771.80 was designated as a priority claim.

## DISCUSSION

## CLASS PROOF OF CLAIM

There is no absolute right to file a class proof of claim under the Bankruptcy Code. *In re Musicland Holding Corp.* 362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007) ("while class proofs of claim in bankruptcy are not prohibited, the right to file one is not absolute."); *In re Sacred Heart Hosp. of Norristown,* 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) (noting that the class action device may be utilized in appropriate contexts, but should be used sparingly). Rather, courts may exercise their discretion to extend FRCP 23 to allow the filing of a class proof of claim. In determining whether to exercise this discretionary power, courts primarily look at: a) whether the class claimant moved to extend the application of Rule 23 to its proof of claim; (b) whether "the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy"; and c) whether the claims which the proponent seeks to certify fulfill the requirements of Rule 23. *Musicland*, 362 B.R. at 651. Although Plaintiffs have moved for class treatment of their proof of claim,[2] they have failed to demonstrate that the requested relief would both be consistent with the goals of bankruptcy and satisfy the Rule 23 requirements. As such, the Motions are denied.[3]

---

[2] Flores moved for class treatment of his proof of claim in his motion for class certification. Flores Motion at p. 8 ("by way of the instant motion, the proponent has satisfied the procedural requirement seeking application of Rule 23 to this matter.").

[3] Flores claims that the Flores Motion should be treated differently than the Carrera Motion because "there is not complete identity between either the legal or factual issues raised by the respective claims." First, Carrera seeks acceptance of a single proof of claim for a class of several different job positions, whereas Flores seeks acceptance of the filing on two separate class proofs of claim for distinct limited job positions (namely, the personal trainers and

**Authorizing the Filing of a Class Proof of Claim in *these* Chapter 11 Cases Would be Inconsistent with the Goals of Bankruptcy.**

The filing of a class proof of claim is consistent with the Bankruptcy Code generally in two principal situations: (i) where a class has been certified pre-petition by a non-bankruptcy court; and (ii) where there has been no actual or constructive notice to the class members of the bankruptcy case and Bar Date. *See Bailey v. Jamesway Corp. (In re Jamesway Corp.)*, No. 95 B 44821 (JLG), 1997 WL 327105, at *5 (Bankr. S.D.N.Y. June 12, 1997); *Sacred Heart,* 177 B.R. at 22 (classes certified pre-petition are the "best candidates" for a class proof of claim). Plaintiffs fail to meet both of these requirements. No class certification decision has been made in either the Carrera Action or the Flores Action and there are no material notice issues in this case. Both Actions purport to assert claims on behalf of present employees as well as any former employees. Actual or constructive notice has been given to these putative class members. The Debtors sent formal Bar Date notices to all present employees as well as all former employees whose employment terminated between January 1, 2004 and the Petition Date. The Debtors also published notice of the Bar Date in the national editions of the Chicago Tribune and USA Today. The direct notice, in combination with the published notice, was "reasonably calculated, under all the circumstances, to apprise interested parties" of the bankruptcy case and was of "such nature as to convey the required information." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Moreover, bankruptcy significantly changes the balance of factors to be considered in determining whether to allow a class action and thus class certification is often less desirable in

---

the group fitness instructors). Second, the Carrera claims are allegedly broad, whereas Flores challenges only two limited Bally employment policies. Third, Carrera is stayed pending an appeal, whereas no such stay or appeal exists in Flores. Creditor Francisco Flores' Response to Debtor's Objection to Motion to Allow Class Proof of Claim; Request for Adjournment at p. 2. Assuming these factors are correct, they would not change this Court's analysis of whether the application of Rule 23 is appropriate and the Motions would still be denied.

6

bankruptcy than in ordinary civil litigation. *In re Ephedra Prods. Liab. Litig.,* 329 B.R. 1, 5 (S.D.N.Y. 2005).

> As explained by the *Musicland* Court,
>
> Bankruptcy provides the same procedural advantages as a class action. In fact, it provides more advantages. Creditors, even corporate creditors, don't have to hire a lawyer, and can participate in the distribution for the price of a stamp. They need only fill out and return the proof of claim sent with the Bar Date Notice. Furthermore, claims are 'deemed allowed' under § 502(a) in the absence of an objection, in which case discovery and fact-finding are avoided altogether.

*Musicland*, 362 B.R. at 651 (citations omitted). Further, class certification would adversely affect the administration of these cases adding layers of procedural and factual complexity that accompany class-based claims, siphoning the Debtors' resources[4] and interfering with the orderly progression of the reorganization. *See Ephedra,* 329 B.R. at 5. "[A] bankruptcy case can proceed no faster than its slowest matter . . . and a class action may 'gum up the works' because until complete, the bankruptcy court cannot determine the entitlement of other creditors." *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 376 (Bankr. S.D.N.Y. 1997).[5] Lastly, class status is unnecessary to protect the rights of the various members of the putative class; their rights are amply protected by the chapter 11 claims process itself.

---

[4] Bally would be forced to incur substantial legal fees defending a class action – fees that would not be incurred if class members were required to file individual proofs of claim. *See Ephredra*, 329 B.R. at 10 (holding that "[t]he Court has discretion under Rule 9014 to find that the likely total benefit to the class members would not justify the cost to the estate of defending a class action under Rule 23."). Were Plaintiffs to prevail, their attorneys could seek payment of their fees from the Debtors' estates, necessarily diminishing the already limited distributions available to other creditors.

[5] According to the Debtors, although substantial discovery has been completed, the parties have yet to undertake the significant amount of discovery that will be required to litigate a class certification motion. After the completion of class certification discovery and the inevitable briefing, the Court will conduct a hearing on class certification. If the Court ultimately certifies a class, class members will need to be noticed and given an opportunity to "opt out" under Rule 23. The parties will then engage in merits discovery, which, in turn, will be followed by a complex and lengthy trial.

# CLASS CERTIFICATION

**Plaintiffs Fail to Satisfy the Requirements of FRCP Rule 23.**

Even if the filing of a class proof of claim were authorized under the circumstances of these cases, which it is not, Plaintiffs' Motions shall be denied because they cannot fulfill the requirements of Rule 23. To certify a case under Rule 23, the court must be satisfied that all of the essential elements have been met. Under Rule 23(a), the plaintiff must establish the elements of numerosity, commonality, typicality and adequacy of class representative and counsel. Plaintiff must then satisfy one of the elements of Rule 23(b). The Supreme Court has directed district courts to conduct a "rigorous analysis" to determine whether the Rule 23 requirements have been satisfied prior to certifying a class.

**Plaintiffs Cannot Satisfy the Superiority Standard Under FRCP Rule 23.**

Plaintiffs are unable to show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). Though class treatment may be beneficial with other civil actions in consolidating the adjudication of common issues, this advantage disappears in the context of a bankruptcy.

> As the *Ephedra* Court held:
>
> [S]uperiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost. In efficiency, bankruptcy is superior to a class action because in practice small claims are often 'deemed allowed' under § 502(a) for want of objection, in which case discovery and fact-finding are avoided altogether. As for fairness, although the notice requirements of Rule 23 are superior for class members to the usual bankruptcy notice by publication, this shortcoming is easily remedied by a bankruptcy notice directed specifically at class members, either at the time of the original notice or thereafter by order extending the bar date for class members.

*In re Ephedra Prods. Liab. Litig.,* 329 B.R. 1, 9 (S.D.N.Y. 2005). In other words, "superiority" has no place in bankruptcy. Aside from the loss of superiority in bankruptcy, the *de facto*

expansion of the Bar Date for notified class members who failed to file individual claims in a timely manner will violate due process and prejudice the rights of timely filers.

**Plaintiffs Cannot Satisfy the Predominance Standard Under FRCP Rule 23.**

One of the key issues in determining whether class treatment is appropriate is whether "the questions of law or fact common to class members predominate over any questions affecting only individual members." FRCP 23(b)(3); *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) ("[t]he first requirement of Rule 23(b)(3) is predominance of common questions over individual ones."). Here, Plaintiffs cannot satisfy their burden of establishing commonality because each putative class member's right to recovery is dependant on facts specific to that individual. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997) (the predominance requirement of Rule 23(b)(3) is not met where there are "questions peculiar to" the individual class members). In both Actions, an individual analysis would be required to determine, *inter alia*, whether: 1) the putative class performed "hours worked" as defined in Wage Order No. 2-2001, applicable to the Debtors' business in California; 2) Bally "suffered" off-the-clock work (*see* 8 Cal. Code Regs. §§ 11010-030, 11060-140); 3) unpaid time would be considered *de minimis*; 4) Bally failed to provide compensation for the work allegedly performed by each class member; 5) Bally failed to reimburse class members' business expenses; and 6) class members' meal and rest period claims are justified. As such, the Court would have to engage in a series of highly disputed mini-trials for each class member to resolve the issues above, making class treatment untenable and implausible.

## AUTOMATIC STAY

The Carrera Plaintiffs[6] seek relief from the automatic stay in order to pursue the Carrera Action pending against Bally in California State Court and in the alternative, to certify a proposed class. As stated above, the request for class certification shall be denied. For the reasons set forth below, the request for relief from the automatic stay shall also be denied.

Section 362(a) of the Bankruptcy Code establishes the automatic stay, which promotes the reorganization process by providing the debtor with "a breathing spell from [its] creditors." *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986). Section 362(d)(1) of the Bankruptcy Code permits a court to grant relief from the automatic stay "for cause." When deciding whether sufficient cause exists to lift the automatic stay, the court is guided by the factors outlined in *Sonnax Indus., Inc. v. Tri Component Prods. Corp.,* 907 F.2d 1280, 1286 (2d Cir. 1990).[7] Applying these factors to the Carrera Action, it is clear that the Carrera Plaintiffs have failed to meet their burden of demonstrating cause.

The first Sonnax factor considers whether lifting the stay will result in partial or complete resolution of the issues. Allowing the Carrera Action to proceed would not result in a complete resolution of the issues because Bally's appeal of the EDRP Decision would still need to be resolved. If decided in favor of the Carrera Plaintiffs, there would be extensive discovery,

---

[6] Flores does not seek relief from the automatic stay.

[7] The twelve factors are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

briefing and then a hearing on the issue of class certification. If ultimately permitted, class members would need to be noticed and then given an opportunity to "opt out" under Rule 23, followed by merits discovery on both sides and ending with a lengthy trial. Therefore, this Sonnax factor weighs heavily against lifting the automatic stay.

The second and seventh Sonnax factors consider 1) the lack of any connection with or interference with the bankruptcy case; and 2) whether litigation in another forum would prejudice the interests of other creditors. First, allowing the actions to proceed would distract the Debtors' management from the bankruptcy proceeding by forcing them to litigate the Carrera Action and hinder its ability to perform its fiduciary duty of maximizing the value of the Debtors' estates, thereby affecting the interests of other creditors. Second, it will interfere with the uniform application of bankruptcy bar dates by preserving the claims of class members who failed to timely file their claims. This impact effectively dilutes the value of claims asserted by timely filers and implicates due process concerns, which also prejudices the interests of other creditors. *See Bailey v. Jamesway Corp. (In re Jamesway Corp.)*, No. 95 B 44821 (JLG), 1997 WL 327105, at *5 (Bankr. S.D.N.Y. June 12, 1997) ("an action which expands the bar date for notified creditors may itself violate due process."). Finally, granting relief could open the floodgates to a multitude of similar motions causing further interference with the bankruptcy case, as evidenced by Flores' motion for class certification. *See In re Northwest Airlines Corp.*, No. 05-17930 (ALG), 2006 WL 2583647, at *2 (Bankr. S.D.N.Y. Aug. 28, 2006). Therefore, these Sonnax factors weigh heavily against lifting the automatic stay.

The fourth, fifth and sixth Sonnax factors consider: 1) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 2) whether the debtor's insurer has assumed full responsibility for defending the action; and 3) whether the action

primarily involves third parties. <u>First</u>, although the Carrera Action was moved, on Bally's motion, to the California State Court's Complex Litigation Panel, this Court has significant experience in applying state law and is well equipped to handle the Carrera Action. <u>Second</u>, the Debtors do not have insurance coverage with respect to the claims asserted in the Carrera Action. <u>Third</u>, the Carrera Action does not involve any third parties; Bally is the only party adverse to the Carrera Plaintiffs. These Sonnax factors, taken together weigh heavily in favor of denying relief.

The tenth and eleventh Sonnax factors consider: 1) whether the case is ready for trial; and 2) the interests of judicial economy and the expeditious and economical resolution of the litigation. <u>First</u>, the parties have not even started conducting the extensive discovery necessary to make a determination on the class certification issue and are therefore not ready for trial. <u>Second</u>, lifting the automatic stay and forcing Debtors to litigate this or any other class action suit during the pendency of these chapter 11 cases would hinder Debtors' efforts for a speedy and effective reorganization process. In addition, very few judicial resources have been expended by the California State Court, as the case has been stayed pending Bally's appeal of the EDRP Decision. As such, the automatic stay will not lead to judicial waste of resources and will not undermine an economical resolution of the litigation. Therefore, these Sonnax factors weigh against lifting the automatic stay.

Finally, the twelfth Sonnax factor considers the impact of the stay on the parties and the balance of harms. During the pendency of these chapter 11 cases, the Debtors' estates' limited resources are better spent stabilizing their operations and cash flows, rather than litigating a class action suit. Forcing the Debtors to litigate at this point would distract and hinder the Debtors from their reorganization efforts and would take away the "breathing space" necessary to allow them to restructure and preserve the value of their assets for the benefit of their creditors. Also

damaging is the threat of other lift stay motions that will be filed by other putative class action litigants if the Lift Stay Motion is granted, leading to an unnecessary drain on the Debtors' resources and an untimely distraction from the reorganization process. In addition, the Carrera Plaintiffs have not demonstrated that they will suffer any great hardship if the Lift Stay Motion is denied. Whether awarded such claims sooner rather than later, they are no more prejudiced than any other potential creditor by what the Debtors anticipate will only be a short-term delay until a plan of reorganization is confirmed. This Sonnax factor therefore weighs heavily in favor of denying the lift stay.

Accordingly, pursuant to the Sonnax factors, the Lift Stay Motion shall be denied.

## CONCLUSION

For the reasons set forth above and at oral argument, the Motion for Order to Allow Class Proof of Claim by the Carrera Class Claimants, the Motion by Carrera Class Claimants for Order Lifting the Automatic Stay, or in the Alternative, for Class Certification, and Creditor Francisco Flores' Motion for Class Certification are hereby denied.


IT IS SO ORDERED.

Dated: April 7, 2009
       New York, New York                      _/s/Burton R. Lifland_____
                                               Honorable Burton R. Lifland
                                               United States Bankruptcy Judge