KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Kenneth H. Eckstein
P. Bradley O'Neill
Jordan D. Kaye

Counsel for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————
                                                   )
In re:                                             )        Chapter 11
                                                   )
BALLY TOTAL FITNESS OF                             )        Case No. 08-14818 (BRL)
GREATER NEW YORK, INC., *et al*.,                  )
                                                   )
                          Debtors.                 )        Jointly Administered
———————————————————————)

**NOTICE OF THIRD OMNIBUS OBJECTION OF DEBTORS**
**SEEKING TO DISALLOW CERTAIN CLAIMS THAT HAVE**
**BEEN SATISFIED OR RELEASED DURING THESE CASES**

**TO THE CLAIMANTS IDENTIFIED IN EXHIBITS 1 AND 2 TO THE**
**PROPOSED ORDER ANNEXED HERETO PLEASE TAKE NOTICE OF**
**THE FOLLOWING:**

1.       Bally Total Fitness Holding Corporation ("Bally") and its direct and indirect subsidiaries in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed an objection to one or more proof(s) of claim you filed against one or more of the Debtors (the "Objection"). The Objection is attached to this Notice and is entitled "Third Omnibus Objection Of Debtors Seeking to Disallow Certain Claims That Have Been Satisfied Or Released During The Case In Accordance With A Court Order." (Tier 1 – Claims That Have Been Satisfied Or Released During The Case In Accordance With The Code, Applicable Rules, Or A Court Order)."

2.       **Your proof(s) of claim may be disallowed and/or otherwise affected as a result of the Objection. Therefore, you should read this Notice and the attached Objection carefully**.

3.       As described in the Objection, the Debtors have determined that one or more of the proofs of claim you filed against one or more of the Debtors is a claim that the

Debtors have already satisfied in accordance with the Bankruptcy Code and/or a Court order. Consequently, it is the Debtors' position that your claim should be disallowed.

4. The Bankruptcy Court established procedures for the Debtors to contest and settle proofs of claims (the "Claims Objection and Settlement Procedures") [Docket No. 918]. The attached Objection has been designated a "Tier I Objection" under the Claims Objection and Settlement Procedures. As a result, the procedures for Tier I Objections set forth in the Claims Objection and Settlement Procedures govern this Objection. A copy of the Claims Objection and Settlement Procedures can be obtained at Bally's website at http://www.kccllc.net/bally.

5. A hearing (the "Hearing") on the Objection will be held on **September 16, 2009 at 10:00 AM, prevailing Eastern Time**, before the Honorable Burton R. Lifland, United States Bankruptcy Judge, in Courtroom 623 at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408.

6. If you disagree with the Objection's treatment of your proof of claim, a representative of the Debtors will be available to discuss a resolution of the Objection. To facilitate such a discussion, you may contact one of the following attorneys for the Debtors:

   ♦ Jordan Kaye at (212) 715-9489; or

   ♦ Stephen Zide at (212) 715-9492; or

   ♦ Joseph Shifer at (212) 715-9517.

   The Debtors' attorneys may refer you to another representative of the Debtors to resolve certain factual matters.

7. Your discussions with the Debtors' representatives may result in an agreement to settle the Objection to your proof of claim. If you reach an agreement to resolve the Debtors' Objection to your claim you will not need to file a response to the Objection or attend the Hearing. Speaking with Debtors' attorneys or other representatives does NOT mean that you have reached an agreement to resolve the Objection to your proof of claim.

8. If you disagree with the Objection's treatment of your proof of claim and you are unable to resolve your disagreement with the Debtors, you or your attorney **must** file a written response (a "Response") to the Objection **no later than September 2, 2009 at 4:00 PM** prevailing Eastern Time with the Clerk of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408.

   *** **Your failure to file a timely Response may result in the waiver of your rights to contest the relief sought in the Objection.** ***

9.     You must serve copies of any Response you file so they will be **actually received** no later than **September 2, 2009 at 4:00 PM, 20 days after you receive service of the Objection, prevailing Eastern Time**, by the following parties: (i) the Debtors' attorneys at Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Jordan Kaye; and (ii) the parties on the Special Service List in these cases, established under the Administrative Order Establishing Case Management and Scheduling Procedures (as it may be further amended, the "Case Management Order") [Docket No. 173]. A copy of the Case Management Order and the addresses for the parties on the Special Service List can be obtained at Bally's website at http://www.kccllc.net/bally.

10.    Any Response must contain, at a minimum, the following:

♦    The approved case caption (including the date of the Hearing or Initial Status Conference in the upper right-hand corner) and the title of the Objection to which the Response is directed (e.g., "Response to Third Omnibus Objection Of Debtors Seeking to Disallow Certain Claims That Have Been Satisfied Or Released");

♦    The name of the Claimant and a statement of the basis for the amount of its underlying proof of claim;

♦    A concise statement setting forth the reasons why the Court should not sustain the Objection, including, but not limited to, the factual and legal bases for your opposition to the Objection;

♦    A copy of any documentation or other evidence in support of the Claim that you are aware you will rely upon in opposing the Objection at the Hearing, to the extent that such documentation or evidence was not included with your proof of claim;

♦    A declaration of a person with personal knowledge of the relevant facts that support the Response unless you intend to rely solely on the documents submitted with the proof of claim and Response;

♦    The name(s), address(es), telephone number(s), facsimile number(s) and e-mail address(es) of the person(s) to whom the Debtors should serve a reply to the Response (i.e., you and/or your legal representative); and

♦    To facilitate a resolution of Objections, you are encouraged to furnish the Debtors with the name(s), address(es), telephone number(s), facsimile number(s) and e-mail addresses of the person(s) who possess the authority to reconcile, settle or otherwise resolve the Objection on your behalf.

11.    Only those Responses made in accordance with the above-referenced requirements and timely filed and received by the Court and the Debtors' attorneys will be considered by the Court at the Hearing. **If you do not timely**

**file and serve the Response in accordance with the above-referenced procedures, the Court may enter an order granting the relief requested in the Objection without further notice or hearing.** If you file a Response and the Objection is not otherwise resolved, the Objection will be presented to the Court at the Hearing.

12.     The Debtors and the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>") may file a reply to any Response no later than two business days before the Hearing. At the discretion of the Debtors and after notice to you, the Hearing may be adjourned to any subsequent omnibus hearing date in these cases.

13.     Upon the receipt of a timely Response, the Debtors may designate the Objection to be a Tier II Objection, subject to the procedures for Tier II Objections described in the Claims Objection and Settlement Procedures. If the Debtors make such a designation, they will serve on you, your counsel (if applicable), and the parties on the Special Service List, a separate written notice of such designation (a "<u>Tier II Designation</u>"), and a modified Objection Notice which will summarize the Tier II Objection procedures (a "<u>Specialized Notice</u>").

14.     If the Debtors determine that discovery is necessary in advance of the Hearing or if Debtors are unable to resolve their differences with you through negotiations, the Debtors may serve on you, your counsel (if applicable), and the parties on the Special Service List, a notice that the scheduled Hearing will be treated as a status conference during which the Debtors will request that the Court issue a scheduling order to facilitate resolution of the litigation.

15.     You may obtain copies of any proof of claim filed against the Debtors from the website maintained by the Debtors' noticing and claims agent, Kurtzman Carson Consultants ("<u>KCC</u>"), on the Internet at <u>http://www.kccllc.net/bally</u>. You can perform a "Claim / Creditor Search" using the Claimant's name or the claim number. If you do not have access to the Internet, you can request a copy of any proof of claim, pleading or service list from KCC by calling the Bally Information Line at 888-830-4664.

16.     Nothing in this Notice or the Objection constitutes a waiver of the Debtors' right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions or any other bankruptcy claims against you.  The Debtors reserve the right to assert additional objections to your proof(s) of claim.

Dated:  August 13, 2009
        New York, New York

                                            KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                            /s/   Jordan Kaye
                                            Kenneth H. Eckstein
                                            P. Bradley O'Neill
                                            Jordan D. Kaye
                                            1177 Avenue of the Americas
                                            New York, New York 10036
                                            Telephone: (212) 715-9100

                                            Counsel for Debtors and
                                            Debtors in Possession

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Kenneth H. Eckstein
P. Bradley O'Neill
Jordan D. Kaye

Counsel for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BALLY TOTAL FITNESS OF | ) | Case No. 08-14818 (BRL) |
| GREATER NEW YORK, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**THIRD OMNIBUS OBJECTION OF DEBTORS SEEKING TO**
**DISALLOW CERTAIN CLAIMS THAT HAVE BEEN**
**SATISFIED OR RELEASED DURING THE CASE**

**(TIER I)**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Bally Total Fitness Holding Corporation ("Bally") and its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors", and together with Bally's non-debtor subsidiaries, the "Company"), respectfully represent as follows:

**General Background**

1. On December 3, 2008 (the "Petition Date"), each of the Debtors commenced cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are being jointly administered

pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.　　　The Debtors are continuing to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.　On December 12, 2008, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors in these Chapter 11 Cases.

3.　　　The Company is one of the largest full-service commercial operators of fitness centers in North America in terms of members, revenues and square footage of facilities.　As of December 31, 2008, the Company operated 328 fitness centers concentrated in 25 states, collectively serving approximately 3.1 million members (the "Club Members").

4.　　　The great majority of the Company's revenues derive from the commercial operation of fitness centers, which are located primarily in major metropolitan markets in the United States.　As of December 31, 2008, the Company (including non-debtor affiliates) had consolidated assets totaling approximately $1.164 billion and consolidated liabilities totaling approximately $1.578 billion.　For the twelve months ended December 31, 2008, the Company's consolidated net revenue was approximately $634.4 million.

5.　　　On June 10, 2009, the Debtors filed their Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and a related Disclosure Statement [Docket Nos. 1039 and 1040].

## Background Regarding the Claims Process

6.      On January 20, 2009, the Debtors filed their respective schedules of assets and liabilities (collectively and as amended, the "Schedules"), which identified approximately 4,000 potential creditors of their estates.   In addition, on March 4, 2009 the Debtors amended their Schedules and identified approximately 35,000 additional potential creditors of their estates.

7.      By an order entered on January 23, 2009 (the "Bar Date Order") [Docket No. 514], the Court established March 9, 2009, as the general bar date for creditors to file proofs of claim asserting prepetition liabilities against the Debtors (the "General Bar Date").  The Bar Date Order, among other things, also established bar dates for the filing of proofs of claim in response to any amendments to the Schedules and claims for damages arising from the rejection of executory contracts and unexpired leases (collectively with the General Bar Date, the "Bar Dates").[1]  A notice of the Bar Dates (the "Bar Date Notice") was served on all known creditors and potential creditors in accordance with the requirements of the Bar Date Order.  The Bar Date Notice was published on February 2, 2009 in *USA Today* (national edition) and the *Chicago Tribune* (classifieds).

8.      In response to the Bar Date Notice, approximately 3,550 unsecured, secured, priority and administrative claims (collectively, the "Claims") have been asserted in approximately 3,250 proofs of claim filed in these cases to date.

9.      On April 15, 2009, the Debtors filed the Motion for an Order Establishing Claims Objection and Settlement Procedures ("Claims Objection and

---

[1] Under the Bar Date Order, certain types of claims, including claims afforded administrative expense status, are not subject to the Bar Dates.

Settlement Procedures Motion") [Docket No. 892].  On April 29, 2009, the Court granted the Claims Objection and Settlement Procedures Motion and entered an order establishing claims objection and settlement procedures (the "Claims Objection and Settlement Procedures") [Docket No. 918].  Among other things, the Claims Objections and Settlement Procedures approved certain detailed procedures for the filing and prosecution of objections to claims filed or scheduled in these Chapter 11 cases.

## Jurisdiction

10.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Requested Relief

11.     Pursuant to sections 105 and 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Claims Objection and Settlement Procedures, the Debtors hereby seek entry of the proposed order attached hereto as Exhibit A (the "Proposed Order") disallowing and expunging the proofs of claim (the "Claims") identified on the charts attached to the Proposed Order as Exhibits 1 and 2, and incorporated herein by reference, on the grounds that the Debtors have satisfied each of these prepetition claims in accordance with an order of the Court.

12.     By this Objection, the Debtors seek to expunge a total of $2,034,437.04 in general unsecured claims, a total of $851,975.55 in administrative priority claims, a total of $95,178.82 in secured claims, and a total of $378,457.96 in priority claims.

## Request to Disallow and Expunge Claims Released
## In Accordance With A Court Order

13.     This Objection is designated as a "Tier I" Objection. Pursuant to the Claims Objection and Settlement Procedures, Tier I Objections include objections to, among other things, Claims that contradict the Debtors' books and records; and Claims that have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order.  See Claims Objection and Settlement Procedures at § I.A.1.

14.     Prior to the Petition Date, the Debtors were party to approximately 400 unexpired nonresidential real property leases with approximately 375 lessors and sublessors (collectively, the "Landlords").  On June 15, 2009, the Debtors filed the First, Second, Third and Fourth Omnibus Motions seeking to assume certain of their unexpired leases of nonresidential real property (the "Assumption Motions").  [Docket Nos. 1048, 1052, 1053, 1054].  The Assumption Motions set forth the amounts (the "Proposed Cure Amounts") that the Debtors proposed to pay each of the Landlords in order to cure any and all defaults arising under each of the Assumed Leases, as required by section 365(b) of the Bankruptcy Code.  Certain Landlords (the "Objecting Landlords") filed objections to the Proposed Cure Amounts (the "Cure Objections").  On June 29 and 30, 2009, the Court entered the First, Second, Third and Fourth Omnibus Orders granting the Assumption Motions (the "Assumption Orders"), and the Debtors assumed the obligations under the leases identified therein (the "Assumed Leases").  [Docket Nos. 1174, 1175, 1176, and 1182].  However, the Assumption Motions were adjourned with respect to the Proposed Cure Amounts that were subject to Cure Objections.

15.     As a result of successful negotiations between the Debtors and certain of the Objecting Landlords, on August 6, 2009, the Court entered an order resolving certain Cure Objections (the "Order Resolving Certain Cure Objections.") [Docket No. 1331]    Pursuant to the Order Resolving Certain Cure Objections, the Debtors were ordered to pay specified amounts to certain of the Objecting Landlords to cure any and all defaults arising under the respective Assumed Leases as required by section 365(b) of the Bankruptcy Code (the "Outstanding Cure Amounts").    The Outstanding Cure Amounts cured "all prepetition defaults under each Assumed Lease." See Assumption Orders.  Because the claims identified in Exhibit 1 to the Proposed Order (the "Landlord Claims") assert liability for prepetition amounts owed by the Debtors to the Objecting Landlords pursuant to their respective Assumed Leases, the liability of the Debtors on account of the Landlord Claims has been extinguished.  By this Objection, the Debtors are seeking to expunge only those claims that relate to the Assumed Leases where the relevant Landlord Claim has been resolved by the Order Resolving Certain Cure Objections.

16.     On December 5, 2008, the Court entered (i) an order authorizing the Debtors to remit and pay sales, use, and franchise taxes and certain other government charges in the ordinary course [Docket No. 35] and (ii) an order authorizing payment of wages, compensation and employee benefits, including payroll taxes and workers' compensation obligations [Docket No. 36] (together, the "December 5 Orders").  The claims listed on Exhibit 2 to the Proposed Order (the "Tax Claims") relate to state and local taxes that the Debtors have settled in the ordinary course pursuant to the December 5 Orders.  Because the Tax Claims assert liability for amounts that have been paid by the

Debtors, the Tax Claims have been extinguished. By this Objection, the Debtors are seeking to expunge only those Tax Claims that relate to tax liabilities that have been resolved by the Debtors in the ordinary course pursuant to the Tax Order.

17.     For the foregoing reasons, each of the Landlord Claims and the Tax Claims (together, the "Claims") should be disallowed and expunged.

### Reservation of Rights

18.     The Debtors reserve the right to object further to each of the Claims, to the extent not disallowed and expunged, on any and all additional factual or legal grounds. Without limiting the generality of the foregoing, the Debtors specifically reserve the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a Response filed in accordance with the Claims Objection and Settlement Procedures by or on behalf of any of the Claimants or other interested parties; (b) object further to any Claim for which a Claimant provides (or attempts to provide) additional documentation or substantiation; (c) object further to any Claim based on additional information that may be discovered upon further review by the Debtors or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules and Section I.B.9 of the Claims Objection and Settlement Procedures; and (d) in the event the Debtors deem it necessary, redesignate this Objection as a Tier II Objection (as such term is defined in the Claims Objection and Settlement Procedures) as to any particular claim. In addition, as described above and as contemplated and permitted under the Claims Objection and Settlement Procedures, the Debtors reserve and retain their rights to object to the Surviving Claims on any and all available grounds.

## <u>Notice</u>

19.     Pursuant to the Claims Objection and Settlement Procedures, notice of this Objection has been given to (a) the party whose name appears in the address and notice block for each Claim subject to the Tier 1 Objection; (b) the parties identified on the Special Service List in these cases, established under the Administrative Order Establishing Case Management and Scheduling Procedures (as it may be further amended, the "<u>Case Management Order</u>") [Docket No. 173]; and (c) the parties on the General Service List in these cases, established under the Case Management Order. The method of service for all parties served with a Tier 1 Objection shall be as set forth in the Case Management Order. The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as Exhibit A disallowing and expunging each of the Claims and (ii) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: August 13, 2009
New York, New York

KRAMER LEVIN NAFTALIS &
FRANKEL LLP

/s/      Jordan Kaye
Kenneth H. Eckstein
P. Bradley O'Neill
Jordan D. Kaye
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

Counsel for Debtors and
Debtors in Possession

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
```
In re                                )

                                      )    Chapter 11

BALLY TOTAL FITNESS OF         )

GREATER NEW YORK, INC., <u>et al.</u>,   )   Case No. 08-14818 (BRL)

                                      )

                                      )    (Jointly Administered)

                      Debtors.       )

                                      )
```
------------------------------------------------------------ x
```

## THIRD ORDER DISALLOWING CERTAIN CLAIMS THAT HAVE BEEN SATISFIED OR RELEASED DURING THE CASE

### (TIER I)

        This matter coming before the Court on the Third Omnibus Objection of Debtors Seeking to Disallow Certain Claims That Have Been Satisfied Or Released During The Case In Accordance With A Court Order (the "<u>Objection</u>"),[1] filed by the debtors in the above-captioned cases (collectively, the "<u>Debtors</u>"); the Court having reviewed the Objection and having heard the statements of counsel regarding the relief requested in the Objection at a hearing before the Court (the "<u>Hearing</u>"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection and the Hearing was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Claims Procedures Order; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Objection.

IT IS HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED.

2.      Each of the claims identified on the chart annexed as Exhibits 1 and 2 hereto are
expunged, pursuant to section 502 of the Bankruptcy Code.

4.      The Debtors; the Debtors' claims and noticing agent, Kurtzman Carson
Consultants; and the Clerk of this Court are authorized to take any and all actions that are
necessary or appropriate to give effect to this Order.

Dated:   _____, 2009
           New York, New York


                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

| Name | Mailing Address | Claim No. | Date Filed | General Unsecured | Priority | Secured | Admin Priority | Debtor Name |
|------|-----------------|-----------|------------|-------------------|----------|---------|----------------|-------------|
| 401 COMMERCIAL L P | 401 COMMERCIAL L P<br>GENERAL POST OFFICE<br>PO BOX 26631<br>NEW YORK, NY 10087-6631 | 2098 | 3/4/09 | $151,704.34 | | | $295,027.95 | Bally Sports Clubs, Inc. |
| 641 Owner LLC | 641 Owner LLC<br>c o Tarter Krinsky & Drogin LLP<br>1350 Broadway 11th Fl<br>NY, NY 10018 | 1534 | 2/27/09 | $332,248.20 | | | UNLIQUIDATED | Bally Total Fitness Corporation |
| AG BPG Del Amo Inc | AG BPG Del Amo Inc<br>c o Gregg S Kleiner<br>Cooley Godward Kronish LLP<br>101 California St 5th Fl<br>San Francisco, CA 94111-5800 | 1009 | 2/18/09 | $33,287.11 | | | | Bally Total Fitness of California, Inc. |
| Blackhawk Centercal LLC | Blackhawk Centercal LLC<br>John P Byrne<br>c o The ByrneLaw Office<br>20969 Ventura Blvd Ste 230<br>Woodland Hills, CA 91364-2378 | 2548 | 3/9/09 | | | | $59,143.09 | Bally Total Fitness Corporation |
| Bloomfield Hills Associates Venture Contracting | Bloomfield Hills Associates Venture Contracting<br>Thomas J Leanse Esq<br>Katten Muchin Rosenman LLP<br>2029 Century Pk E 26th Fl<br>Los Angeles, CA 90067 | 1924 | 3/9/09 | $41,121.09 | | | $37,937.16 | Bally Total Fitness International, Inc. |
| Century Mall LLC | Century Mall LLC<br>c o Joseph D Frank<br>Frank Gecker LLP<br>325 N LaSalle St Ste 625<br>Chicago, IL 60654 | 1287 | 3/2/09 | $126,044.49 | | | | Bally Total Fitness Corporation |
| Cumberland Centre LLC Glenstar Properties | Cumberland Centre LLC Glenstar Properties<br>Thomas J Leanse Esq<br>Katten Muchin Rosenman LLP<br>2029 Century Pk E 26th Fl<br>Los Angeles, CA 90067 | 1873 | 3/9/09 | $6,599.10 | | | $54,932.97 | Bally Total Fitness Corporation |
| DOWNEY LANDING SPE LLC | DOWNEY LANDING SPE LLC<br>C O INVESTEC MANAGEMENT CORPORATION<br>200 E CARRILLO STREET SUITE 200<br>SANTA BARBARA, CA 93101 | 1210 | 3/4/09 | $61,343.96 | | | | *Debtor Name Not Clearly Listed on Proof of Claim Form* |
| Franklin Mills | Franklin Mills<br>Attn Donovan Gerken<br>Simon Property Group Inc<br>225 W Washington St<br>Indianapolis, IN 46204 | 1592 | 3/3/09 | $100.00 | $100.00 | | | *Debtor Name Not Clearly Listed on Proof of Claim Form* |
| Gateway Fairview Inc RREEF | Gateway Fairview Inc RREEF<br>Thomas J Leanse Esq<br>Katten Muchin Rosenman LLP<br>2029 Century Pk E 26th Fl<br>Los Angeles, CA 90067 | 1957 | 3/9/09 | $36,606.40 | | | $33,895.56 | Bally Total Fitness Holding Corporation |
| Gateway Fairview Inc RREEF | Gateway Fairview Inc RREEF<br>Thomas J Leanse Esq<br>Katten Muchin Rosenman LLP<br>2029 Century Pk E 26th Fl<br>Los Angeles, CA 90067 | 1972 | 3/9/09 | $36,606.40 | | | $33,895.56 | Bally Total Fitness Corporation |

| Name | Mailing Address | Claim No. | Date Filed | General Unsecured | Priority | Secured | Admin Priority | Debtor Name |
|---|---|---|---|---|---|---|---|---|
| IMPERIAL/ARAMINGO LIMITED PARTNERSHIP | IMPERIAL/ARAMINGO LIMITED PARTNERSHIP C/O LERNER HEIDENBERG ASSOC 234 CLOSTER DOCK ROAD CLOSTER, NJ 07624 | 2256 | 3/6/09 | $440,933.97 | | | | Bally Total Fitness of the Mid-Atlantic, Inc. |
| Manhattan Place Inc | Manhattan Place Inc c o Ian S Landsberg Landsberg Margulies LLP 16030 Ventura Blvd Ste 470 Encino, CA 91436 | 2009 | 3/9/09 | $84,904.16 | $51,713.41 | | | Bally Total Fitness of California, Inc. |
| Manhattan Place Inc | Manhattan Place Inc c o Ian S Landsberg Landsberg Margulies LLP 16030 Ventura Blvd Ste 470 Encino, CA 91436 | 2525 | 3/9/09 | $84,904.16 | $51,713.41 | | | Bally Total Fitness Holding Corporation |
| Northridge Manager 07 LLC | Northridge Manager 07 LLC c o Jennifer L Stenman Franke Greenhouse List & Lippitt LLP 1228 15th St 2nd Fl Denver, CO 80202 | 1311 | 3/3/09 | $6,754.02 | | | $46,601.26 | *Debtor Name Not Clearly Listed on Proof of Claim Form* |
| REALTY INCOME CORPORATION | REALTY INCOME CORPORATION ATTN LEGAL DEPARTMENT 600 LA TERRAZA BOULEVARD NO 2248 ESCONDIDO, CA 92025 | 1739 | 3/5/09 | $31,969.33 | | | $9,871.85 | Bally Total Fitness of Greater New York, Inc. |
| REALTY INCOME CORPORATION | REALTY INCOME CORPORATION 600 LA TERRAZA BLVD BLDG ID NO 2249 ESCONDIDO, CA 92025 | 1730 | 3/5/09 | $29,360.08 | | | | Bally Total Fitness of the Midwest, Inc. |
| REALTY INCOME CORPORATION | REALTY INCOME CORPORATION 600 LA TERRAZA BLVD BLDG ID NO 2252 ESCONDIDO, CA 92025 | 1737 | 3/5/09 | $62,289.30 | | | $1,953.68 | Bally Total Fitness of the Mid-Atlantic, Inc. |
| REALTY INCOME CORPORATION | REALTY INCOME CORPORATION 600 LA TERRAZA BLVD BLDG ID NO 2253 ESCONDIDO, CA 92025 | 1735 | 3/5/09 | $30,353.04 | | | $53,390.34 | Bally Total Fitness of Greater New York, Inc. |
| REALTY INCOME CORPORATION D/B/A REALTY INCOME PROPERTIES INC | REALTY INCOME CORPORATION D/B/A REALTY INCOME PROPERTIES INC ATTN LEGAL DEPARTMENT 600 LA TERRAZA BLVD NO 2254 ESCONDIDO, CA 92025 | 1740 | 3/5/09 | $45,902.18 | | | | Bally Total Fitness of the Midwest, Inc. |
| REALTY INCOME PENNSYLVANIA PROP TRUST | REALTY INCOME PENNSYLVANIA PROP TRUST 600 LA TERRAZA BLVD BLDG ID NO 2250 ESCONDIDO, CA 92025 | 1732 | 3/5/09 | $43,107.75 | | | | Bally Total Fitness of the Mid-Atlantic, Inc. |
| Second Woodhaven Associates | Second Woodhaven Associates Attn Glen S Howarth c o J&W Management Corp 505 Park Ave Ste 302 New York, NY 10022 | 2217 | 3/3/09 | $42,562.73 | | | $3,265.12 | Bally Total Fitness International, Inc. |
| Second Woodhaven Associates | Second Woodhaven Associates Attn Glen S Howarth c o J&W Management Corp 505 Park Ave Ste 302 New York, NY 10022 | 3172 | 3/4/09 | $42,562.73 | | | $3,265.12 | Bally Total Fitness Corporation |

| Name | Mailing Address | Claim No. | Date Filed | General Unsecured | Priority | Secured | Admin Priority | Debtor Name |
|---|---|---|---|---|---|---|---|---|
| ST CLAIR SHORES | ST CLAIR SHORES<br>CITY OF ST CLAIR SHORES<br>27600 JEFFERSON CIRCLE DR<br>ST CLAIR SHORES, MI 48081 | 1464 | 3/2/09 | $0.00 | | $10,935.05 | | Bally Total Fitness Corporation |
| St Clair Shores Health Club Associates Venture Contracting | St Clair Shores Health Club Associates Venture Contracting<br>Thomas J Leanse Esq<br>Katten Muchin Rosenman LLP<br>2029 Century Pk E 26th Fl<br>Los Angeles, CA 90067 | 1929 | 3/9/09 | $58,107.78 | | | $53,592.15 | Bally Total Fitness International, Inc. |
| Thornton Town Center 05 A LLC | Thornton Town Center 05 A LLC<br>c o Jennifer L Stenman<br>Franke Greenhouse List & Lippitt LLP<br>1228 15th St 2nd Fl<br>Denver , CO 80202 | 1312 | 3/3/09 | $3,718.12 | | | $49,678.58 | *Debtor Name Not Clearly Listed on Proof of Claim Form* |
| VNO 100 WEST 33RD STREET LLC | VNO 100 WEST 33RD STREET LLC<br>PO BOX 21025A<br>NEW YORK, NY 10286-2025 | 2097 | 3/4/09 | $17,074.17 | | | $40,314.95 | Bally Sports Clubs, Inc. |
| WRI GDC Englewood LLC | WRI GDC Englewood LLC<br>Attn Jenny J Hyun Esq<br>Weingarten Realty Investors<br>2600 Citadel Plza Dr Ste 125<br>Houston, TX 77008 | 1973 | 3/9/09 | $46,206.93 | | | | Bally Total Fitness of Colorado, Inc. |
| WRI GDC Englewood LLC | WRI GDC Englewood LLC<br>Attn Jenny J Hyun Esq<br>Weingarten Realty Investors<br>2600 Citadel Plza Dr Ste 125<br>Houston, TX 77008 | 1987 | 3/9/09 | $46,206.93 | | | | Bally Total Fitness Corporation |
| WRT MARC RC LLC | WRT MARC RC LLC<br>Thomas J Leanse Esq<br>Katten Muchin Rosenman LLP<br>2029 Century Pk E 26th Fl<br>Los Angeles, CA 90067 | 1891 | 3/9/09 | $77,328.61 | | | $75,210.21 | Bally Total Fitness Corporation |
| | | | **TOTAL:** | **$2,019,907.08** | **$103,526.82** | **$10,935.05** | **$851,975.55** | |

Exhibit 2 - Third Motion Disallowing Certain Claims That Have Been Satisfied Or Released During The Case In Accordance With A Court Order

| Name | Mailing Address | Claim No. | Date Filed | General Unsecured | Priority | Secured | Admin Priority | Debtor Name |
|---|---|---|---|---|---|---|---|---|
| Arizona Department of Revenue | Arizona Department of Revenue Bankruptcy Litigation Section 1600 W Monroe St Phoenix, AZ 85007 | 1918 | 3/3/09 | | $109,416.62 | | | Bally Total Fitness Corporation |
| CITY OF MANHATTAN BEACH | CITY OF MANHATTAN BEACH CITY HALL 1400 HIGHLAND AVE MANHATTAN BEACH, CA 90266-4795 | 1325 | 2/24/09 | $2,439.43 | $1,682.10 | | | Bally Total Fitness of California, Inc. |
| District of Columbia Treasury | District of Columbia Treasury Govt of the District of Columbia Office of Tax & Revenue Washington, DC 20013 | 3245 | 5/26/09 | $3,333.36 | $8,593.15 | | | *Debtor Name Not Clearly Listed on Proof of Claim Form* |
| Missouri Department of Revenue | Missouri Department of Revenue Box 475 Jefferson City, MO 65105 | 971 | 2/16/09 | $1,436.75 | $23,527.94 | | | Bally Total Fitness Corporation |
| Pierce County Budget & Finance | Pierce County Budget & Finance 615 So 9th St Ste 100 Tacoma, WA 98405 | 687 | 2/10/09 | | | $1,169.98 | | Bally Total Fitness Corporation |
| Pierce County Budget & Finance | Pierce County Budget & Finance 615 So 9th St Ste 100 Tacoma, WA 98405 | 688 | 2/10/09 | | | $657.04 | | Bally Total Fitness Corporation |
| Pierce County Budget & Finance | Pierce County Budget & Finance 615 So 9th St Ste 100 Tacoma, WA 98405 | 689 | 2/10/09 | | | $966.38 | | Bally Total Fitness Corporation |
| Prince Georges County Maryland | Prince Georges County Maryland c o Meyers Rodbell & Rosenbaum PA 6801 Kenilworth Ave Ste 400 Riverdale, MD 20737-1385 | 1002 | 2/18/09 | | | $4,590.54 | | Bally Total Fitness of the Mid-Atlantic, Inc. |
| Snohomish County Treasurer | Snohomish County Treasurer Attn Bankruptcy Officer 3000 Rockefeller Ave MS 501 Everett, WA 98201 | 2693 | 3/10/09 | | | $49,224.29 | | Bally Total Fitness of Greater New York, Inc. |
| State of New Jersey | State of New Jersey Department of Treasury Division of Taxation PO Box 245 Trenton, NJ 08695-0245 | 1486 | 2/23/09 | | $120,750.00 | | | *Debtor Name Not Clearly Listed on Proof of Claim Form* |
| State of New Jersey Department of Labor and Workforce Development | State of New Jersey Department of Labor and Workforce Development Division of Employer Accounts PO Box 379 Trenton, NJ 08625-0379 | 3102 | 4/9/09 | $5,723.02 | | | | Bally Total Fitness Corporation |
| TAX COLLECTOR MIDDLEBURY | TAX COLLECTOR MIDDLEBURY PO BOX 392 MIDDLEBURY, CT 06762/ | 1675 | 2/23/09 | | $4,125.94 | | | *Debtor Name Not Clearly Listed on Proof of Claim Form* |
| THURSTON COUNTY TREASURER | THURSTON COUNTY TREASURER ROBIN L HUNT CPA 2000 LAKERIDGE DR SW OLYMPIA, WA 98502-6080 | 494 | 2/10/09 | | | $662.53 | | Bally Total Fitness of Greater New York, Inc. |

Exhibit 2 - Third Motion Disallowing Certain Claims That Have Been Satisfied Or Released During The Case In Accordance With A Court Order

| Name | Mailing Address | Claim No. | Date Filed | General Unsecured | Priority | Secured | Admin Priority | Debtor Name |
|------|----------------|-----------|-----------|-------------------|----------|---------|----------------|-------------|
| WA KING | WA KING<br>ATTN LINDA NELSEN<br>500 FOURTH AVE RM 600<br>SEATTLE, WA 98104-2387 | 681 | 2/10/09 | | | $26,973.01 | | Bally Total Fitness Corporation |
| Wisconsin Department of Revenue | Wisconsin Department of Revenue<br>Special Procedures Unit<br>PO Box 8901<br>Madison, WI 53708-8901 | 3001 | 4/7/09 | $1,597.40 | $6,835.39 | | | Bally Total Fitness Corporation |
| | | | **TOTAL:** | **$14,529.96** | **$274,931.14** | **$84,243.77** | **$0.00** | |