KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Kenneth H. Eckstein
P. Bradley O'Neill
Jordan D. Kaye

Counsel for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BALLY TOTAL FITNESS OF | ) | Case No. 08-14818 (BRL) |
| GREATER NEW YORK, INC., *et al*., | ) | |
| | ) | |
| Reorganized Debtors | ) | |

**NOTICE OF ELEVENTH OMNIBUS OBJECTION OF REORGANIZED
DEBTORS SEEKING TO DISALLOW CERTAIN DUPLICATE CLAIMS**

**TO THE CLAIMANTS IDENTIFIED IN THE OBJECTION
ANNEXED HERETO PLEASE TAKE NOTICE OF THE
FOLLOWING:**

1.  Bally Total Fitness Holding Corporation ("Bally") and its direct and indirect subsidiaries in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors"), filed an objection to one or more proof(s) of claim you filed against one or more of the Reorganized Debtors (the "Objection"). The Objection is attached to this Notice and is entitled "Eleventh Omnibus Objection of Reorganized Debtors Seeking to Disallow Certain Duplicate Claims (Tier 1 – Duplicate Claims)."

2.  **Your proof(s) of claim may be disallowed and/or otherwise affected as a result of the Objection. Therefore, you should read this Notice and the attached Objection carefully**.

3.  As described in the Objection, the Reorganized Debtors have determined that one or more of the proofs of claim you filed against one or more of the Reorganized Debtors is a duplicate of at least one other claim you filed. As a result, it is the Reorganized Debtors' position that you currently assert multiple claims for the same alleged liabilities.

4. The Bankruptcy Court established procedures for the Reorganized Debtors to contest and settle proofs of claims (the "Claims Objection and Settlement Procedures") [Docket No. 918]. The attached Objection has been designated a "Tier I Objection" under the Claims Objection and Settlement Procedures. As a result, the procedures for Tier I Objections set forth in the Claims Objection and Settlement Procedures govern this Objection. A copy of the Claims Objection and Settlement Procedures can be obtained at Bally's website at http://www.kccllc.net/bally.

5. A hearing (the "Hearing") on the Objection will be held on October 28, 2009 at 10:00 AM, prevailing Eastern Time, before the Honorable Burton R. Lifland, United States Bankruptcy Judge, in Courtroom 623 at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408.

6. If you disagree with the Objection's treatment of your proof of claim, a representative of the Reorganized Debtors will be available to discuss a resolution of the Objection. To facilitate such a discussion, you may contact one of the following attorneys for the Reorganized Debtors:

   ♦ Jordan Kaye at (212) 715-9489; or

   ♦ Stephen Zide at (212) 715-9492.

   The Reorganized Debtors' attorneys may refer you to another representative of the Reorganized Debtors to resolve certain factual matters.

7. Your discussions with the Reorganized Debtors' representatives may result in an agreement to settle the Objection to your proof of claim. If you reach an agreement to resolve the Reorganized Debtors' Objection to your claim you will not need to file a response to the Objection or attend the Hearing. Speaking with Reorganized Debtors' attorneys or other representatives does NOT mean that you have reached an agreement to resolve the Objection to your proof of claim.

8. If you disagree with the Objection's treatment of your proof of claim and you are unable to resolve your disagreement with the Reorganized Debtors, you or your attorney **must** file a written response (a "Response") to the Objection **no later September 29, 2009 at 4:00 PM prevailing Eastern Time** with the Clerk of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408.

   \*\*\* **Your failure to file a timely Response may result in the waiver of your rights to contest the relief sought in the Objection.** \*\*\*

9. You must serve copies of any Response you file so they will be **actually received** no later than **September 29, 2009 at 4:00 PM, 20 days after you receive service of the Objection, prevailing Eastern Time**, by the following parties: (i) the

Reorganized Debtors' attorneys at Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Jordan Kaye; and (ii) the parties on the Special Service List in these cases, established under the Administrative Order Establishing Case Management and Scheduling Procedures (as it may be further amended, the "Case Management Order") [Docket No. 173]. A copy of the Case Management Order and the addresses for the parties on the Special Service List can be obtained at Bally's website at http://www.kccllc.net/bally.

10. Any Response must contain, at a minimum, the following:

- The approved case caption (including the date of the Hearing or Initial Status Conference in the upper right-hand corner) and the title of the Objection to which the Response is directed (e.g., "Response to Eleventh Omnibus Objection of Reorganized Debtors Seeking to Disallow Certain Duplicate Claims");

- The name of the Claimant and a statement of the basis for the amount of its underlying proof of claim;

- A concise statement setting forth the reasons why the Court should not sustain the Objection, including, but not limited to, the factual and legal bases for your opposition to the Objection;

- A copy of any documentation or other evidence in support of the Claim that you are aware you will rely upon in opposing the Objection at the Hearing, to the extent that such documentation or evidence was not included with your proof of claim;

- A declaration of a person with personal knowledge of the relevant facts that support the Response unless you intend to rely solely on the documents submitted with the proof of claim and Response;

- The name(s), address(es), telephone number(s), facsimile number(s) and e-mail address(es) of the person(s) to whom the Reorganized Debtors should serve a reply to the Response (i.e., you and/or your legal representative); and

- To facilitate a resolution of Objections, you are encouraged to furnish the Reorganized Debtors with the name(s), address(es), telephone number(s), facsimile number(s) and e-mail addresses of the person(s) who possess the authority to reconcile, settle or otherwise resolve the Objection on your behalf.

11. Only those Responses made in accordance with the above-referenced requirements and timely filed and received by the Court and the Reorganized Debtors' attorneys will be considered by the Court at the Hearing. **If you do not timely file and serve the Response in accordance with the above-referenced**

KL2 2619580.1

3

**procedures, the Court may enter an order granting the relief requested in the Objection without further notice or hearing.** If you file a Response and the Objection is not otherwise resolved, the Objection will be presented to the Court at the Hearing.

12. The Reorganized Debtors may file a reply to any Response no later than two business days before the Hearing. At the discretion of the Reorganized Debtors and after notice to you, the Hearing may be adjourned to any subsequent omnibus hearing date in these cases.

13. Upon the receipt of a timely Response, the Reorganized Debtors may designate the Objection to be a Tier II Objection, subject to the procedures for Tier II Objections described in the Claims Objection and Settlement Procedures. If the Reorganized Debtors make such a designation, they will serve on you, your counsel (if applicable), and the parties on the Special Service List, a separate written notice of such designation (a "Tier II Designation"), and a modified Objection Notice which will summarize the Tier II Objection procedures (a "Specialized Notice").

14. If the Reorganized Debtors determine that discovery is necessary in advance of the Hearing or if Reorganized Debtors are unable to resolve their differences with you through negotiations, the Reorganized Debtors may serve on you, your counsel (if applicable), and the parties on the Special Service List, a notice that the scheduled Hearing will be treated as a status conference during which the Reorganized Debtors will request that the Court issue a scheduling order to facilitate resolution of the litigation.

15. You may obtain copies of any proof of claim filed against the Reorganized Debtors from the website maintained by the Reorganized Debtors' noticing and claims agent, Kurtzman Carson Consultants ("KCC"), on the Internet at http://www.kccllc.net/bally. You can perform a "Claim / Creditor Search" using the Claimant's name or the claim number. If you do not have access to the Internet, you can request a copy of any proof of claim, pleading or service list from KCC by calling the Bally Information Line at 888-830-4664.

16. Nothing in this Notice or the Objection constitutes a waiver of the Reorganized Debtors' right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions or any other bankruptcy claims against you. The Reorganized Debtors reserve the right to assert additional objections to your proof(s) of claim.

Dated: September 9, 2009
New York, New York

        KRAMER LEVIN NAFTALIS &
        FRANKEL LLP

        /s/ Jordan Kaye
        Kenneth H. Eckstein
        P. Bradley O'Neill
        Jordan D. Kaye
        1177 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 715-9100

        Counsel for Reorganized Debtors

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Kenneth H. Eckstein
P. Bradley O'Neill
Jordan D. Kaye

Counsel for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BALLY TOTAL FITNESS OF GREATER NEW YORK, INC., *et al.*, | ) ) ) ) | Case No. 08-14818 (BRL) |
| Reorganized Debtors. | ) ) ) |  |

**ELEVENTH OMNIBUS OBJECTION OF REORGANIZED DEBTORS
SEEKING TO DISALLOW CERTAIN DUPLICATE CLAIMS**

**(TIER I – DUPLICATE CLAIMS)**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Bally Total Fitness Holding Corporation ("Bally") and its direct and indirect subsidiaries in the above-captioned chapter 11 cases, as Reorganized Debtors (collectively, the "Reorganized Debtors", and together with Bally's non-debtor subsidiaries, the "Company"), respectfully represent as follows:

**General Background**

1. On December 3, 2008 (the "Petition Date"), each of the Reorganized Debtors commenced cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On August 19, 2009, this Court entered an order (the "Confirmation Order") [Docket No. 1408] confirming the Second Amended Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code, dated August 14, 2009 (the "Plan") [Docket No. 1376]. The Effective Date of the Plan occurred on September 1, 2009 (the "Effective Date").

3. Pursuant to Article IV of the Plan, the Reorganized Debtors' estates have been substantively consolidated for, among other things, the purpose of distributions to creditors.

**Background Regarding the Claims Process**

4. On January 20, 2009, the Reorganized Debtors filed their respective schedules of assets and liabilities (collectively and as amended, the "Schedules"), which identified approximately 4,000 potential creditors of their estate. In addition, on March 4, 2009 the Reorganized Debtors amended their Schedules and identified approximately 35,000 additional potential creditors of their estate.

5. By an order entered on January 23, 2009 (the "Bar Date Order") [Docket No. 514], the Court established March 9, 2009, as the general bar date for creditors to file proofs of claim asserting prepetition liabilities against the Reorganized Debtors (the "General Bar Date"). The Bar Date Order, among other things, also established bar dates for the filing of proofs of claim in response to any amendments to the Schedules and claims for damages arising from the rejection of executory contracts and unexpired leases (collectively with the General Bar Date, the "Bar Dates").[1] A notice of the Bar Dates (the "Bar Date Notice") was served on all known creditors and potential

---

[1] Under the Bar Date Order, certain types of claims, including claims afforded administrative expense status, are not subject to the Bar Dates.

creditors in accordance with the requirements of the Bar Date Order. The Bar Date Notice was published on February 2, 2009 in *USA Today* (national edition) and the *Chicago Tribune* (classifieds).

6. In response to the Bar Date Notice, approximately 3,550 unsecured, secured, priority and administrative claims (collectively, the "Claims") have been asserted in approximately 3,250 proofs of claim filed in these cases to date. Taking into account Claims have been expunged, an aggregate of 3,374 Claims and 1,411 Scheduled Claims are currently pending against the Reorganized Debtors, identifying asserted liabilities in excess of $20.7 billion, plus unliquidated amounts.

7. On April 15, 2009, the Reorganized Debtors filed the Motion for an Order Establishing Claims Objection and Settlement Procedures ("Claims Objection and Settlement Procedures Motion") [Docket No. 892]. On April 29, 2009, the Court granted the Claims Objection and Settlement Procedures Motion and entered an order establishing claims objection and settlement procedures (the "Claims Objection and Settlement Procedures") [Docket No. 918].

8. Pursuant to Art. VIII.B.1 of the Plan, the Reorganized Debtors have the right to "file, settle, compromise, withdraw or litigate objections to Unsecured Claims." Moreover, the Reorganized Debtors may "settle any objections or proceedings without Court approval or may seek Court approval without notice to any Person."

## Jurisdiction

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and Article IX of the Plan.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Requested Relief**

11. Pursuant to sections 105 and 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Claims Objection and Settlement Procedures, the Reorganized Debtors hereby seek entry of the proposed order attached hereto as Exhibit A (the "Proposed Order") disallowing and expunging the duplicate proofs of claim (the "Disputed Claims") marked as "Expunged" therein.

12. By this Objection, the Reorganized Debtors seek to expunge a total of **$127,287,781.62** in general unsecured claims.

**Request to Disallow the Disputed Claims**

13. This Objection is designated as a "Tier I" Objection. Pursuant to the Claims Objection and Settlement Procedures, Tier I Objections include objections to, among other things, (a) two or more proofs of claim asserting the same liability against the same Debtor or bankruptcy estate; (b) a proof of claim that was amended or superseded by a later filed proof of claim or (c) any other similar situation where two claims duplicatively assert the same liability in whole or in part. See Claims Objection and Settlement Procedures at § I.A.1.

14. The following claimants (the "Noteholder Claimants") asserted claims (the "Disputed Claims") on account of their holdings 15 5/8%/14% Senior Subordinated Toggle Notes due 2013 (the "Notes") issued by Bally pursuant to that certain Indenture, dated as of October 1, 2007 (the "Indenture") by and between Bally and HSBC Bank USA, N.A., as trustee (the "Indenture Trustee").

| Date Filed | Claim No. | Name | Claim Amount | Debtor Name |
|---|---|---|---|---|
| 03/06/2009 | 2346 | Special Value Continuation Partners LP | $52,373,812.36 | Bally Total Fitness Holding Corp. |
| 03/06/2009 | 1725 | Special Value Expansion Fund LLC | $15,429,589.77 | Bally Total Fitness Holding Corp. |
| 03/06/2009 | 1726 | Special Value Opportunities Fund LLC | $43,926,500.17 | Bally Total Fitness Holding Corp. |
| 03/06/2009 | 2345 | Tennenbaum Opportunity Partners V LP | $15,557,879.32 | Bally Total Fitness Holding Corp. |
| **Total** | | | **$127,287,781.62** | |

15. As each of the Noteholder Claimants have acknowledged in the addenda attached to their proofs of claim, on February 27, 2009, the Indenture Trustee filed a master proof of claim (the "Master Claim") on behalf of and for the benefit of all holders of the Notes, including the Noteholder Claimants. Indeed, each Noteholder Claimant indicated, in its proof of claim addendum, that its claim was "not intended to supersede the Master Claim."

16. In light of the Master Claim, each of the Noteholder Claimants currently asserts multiple claims for the same liabilities. Accordingly, by this Objection, the Reorganized Debtors seek to disallow and expunge the Disputed Claims and thereby limit each Noteholder Claimant to a single remaining claim against, and a single potential recovery from, the Reorganized Debtors' estate (as consolidated under the Plan) arising from a single alleged obligation.

17. The Master Claim will be unaffected by the relief requested in this Objection, subject to the Reorganized Debtors' ongoing rights to object to the Master Claim on any grounds.

18. For all of the foregoing reasons, the Disputed Claims should be disallowed and expunged.

**Reservation of Rights**

19. To the extent not disallowed and expunged, the Reorganized Debtors reserve the right to object further to each of the Disputed Claims on any and all additional factual or legal grounds. Without limiting the generality of the foregoing, the Reorganized Debtors specifically reserve the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a Response filed in accordance with the Claims Objection and Settlement Procedures by or on behalf of any of the Claimants or other interested parties; (b) object further to any Disputed Claim for which a Claimant provides (or attempts to provide) additional documentation or substantiation; (c) object further to any Disputed Claim based on additional information that may be discovered upon further review by the Reorganized Debtors or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules and Section I.B.9 of the Claims Objection and Settlement Procedures; and (d) in the event the Reorganized Debtors deem it necessary, redesignate this Objection as a Tier II Objection (as such term is defined in the Claims Objection and Settlement Procedures) as to any particular claim. In addition, as described above and as contemplated and permitted under the Claims Objection and Settlement Procedures, the Reorganized Debtors reserve and retain their rights to object to the Master Claim on any and all available grounds.

**Notice**

20. Pursuant to the Claims Objection and Settlement Procedures, notice of this Objection has been given to (a) the party whose name appears in the address and notice block for each Claim subject to the Tier 1 Objection; (b) the parties identified on the Special Service List in these cases, established under the Administrative

Order Establishing Case Management and Scheduling Procedures (as it may be further amended, the "Case Management Order") [Docket No. 173]; and (c) the parties on the General Service List in these cases, established under the Case Management Order. The method of service for all parties served with a Tier 1 Objection shall be as set forth in the Case Management Order. The Reorganized Debtors submit that no other or further notice need be provided.

WHEREFORE, the Reorganized Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as Exhibit A disallowing and expunging the Disputed Claims and (ii) grant such other and further relief to the Reorganized Debtors as the Court may deem proper.

Dated: September 9, 2009
       New York, New York

                          KRAMER LEVIN NAFTALIS &
                          FRANKEL LLP

                          /s/ Jordan Kaye
                          Kenneth H. Eckstein
                          P. Bradley O'Neill
                          Jordan D. Kaye
                          1177 Avenue of the Americas
                          New York, New York 10036
                          Telephone: (212) 715-9100

                          Counsel for Reorganized Debtors

# EXHIBIT A

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re                                                                )
                                                 )   Chapter 11
BALLY TOTAL FITNESS OF                        )
GREATER NEW YORK, INC., et al.,            )   Case No. 08-14818 (BRL)
                                                                     )
                                                                     )
                Reorganized Debtors.       )
                                                                     )
---------------------------------------------------------- x

## ELEVENTH ORDER DISALLOWING DUPLICATE CLAIMS

### (TIER I – DUPLICATE CLAIMS)

This matter coming before the Court on the Eleventh Omnibus Objection of Reorganized Debtors Seeking to Disallow Certain Duplicate Claims (the "Objection"),[1] filed by the Reorganized Debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); the Court having reviewed the Objection and having heard the statements of counsel regarding the relief requested in the Objection at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection and the Hearing was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Claims Procedures Order; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Objection.

IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED.

2. Each of the general unsecured claims identified on the following chart is expunged, pursuant to section 502 of the Bankruptcy Code.

| Date Filed | Claim No. | Name | Claim Amount | Debtor Name |
|---|---|---|---|---|
| 03/06/2009 | 2346 | Special Value Continuation Partners LP | $52,373,812.36 | Bally Total Fitness Holding Corp. |
| 03/06/2009 | 1725 | Special Value Expansion Fund LLC | $15,429,589.77 | Bally Total Fitness Holding Corp. |
| 03/06/2009 | 1726 | Special Value Opportunities Fund LLC | $43,926,500.17 | Bally Total Fitness Holding Corp. |
| 03/06/2009 | 2345 | Tennenbaum Opportunity Partners V LP | $15,557,879.32 | Bally Total Fitness Holding Corp. |
| **Total** | | | **$127,287,781.62** | |

3. The Reorganized Debtors retain their rights to object to the Master Claim on any and all available grounds.

4. The Reorganized Debtors; the Reorganized Debtors' claims and noticing agent, Kurtzman Carson Consultants; and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

Dated: _____, 2009 _____
      New York, New York       UNITED STATES BANKRUPTCY JUDGE

KL2 2619580.1

2